IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allace Lee Roy Cornellier, ) | Case No. CV 05-2679-PHX-PGR (JM) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| Dora Schriro, et al., ) | |
| Respondents. ) | |

Pending before the Court is Petitioner Allace Lee Roy Cornellier's Amended Petition for Writ of Habeas Corpus [Docket No. 4]. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On October 7, 1985, Petitioner was convicted after a jury trial of one count of sexual misconduct with a minor (Count 1), and two counts (Counts 2 and 3) of molestation of a child. (Exhibit A).[1]  The court sentenced Petitioner on November 25, 1985, to concurrent aggravated terms of 28 years of imprisonment for Counts 1 and 3, and a consecutive aggravated term of 28 years imprisonment on Count 2. (Exhibit B).

On November 27, 1985, Petitioner filed a timely Notice of Appeal. (Exhibit C).

---

[1] Unless otherwise noted, all referenced exhibits are those attached to Respondent's Answer to Petition for Writ of Habeas Corpus.

Petitioner raised three issues on appeal:

    (1)    Did the trial court err in denying [Petitioner] his constitutional right to represent himself at trial?

    (2)    Was [Petitioner] denied effective assistance of counsel at trial?

    (3)    Did the trial court err in imposing consecutive sentences?

(Exhibit D, p.2).

On December 23, 1986, the Arizona Court of Appeals addressed all three issues, holding that: (1) Petitioner's request for counsel during trial was for hybrid representation, to which he had no right under either the United States Constitution or the Arizona Constitution *(Id.*, p.2); (2) Petitioner was not denied effective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984) (*Id.*, p.8.); and (3) the trial court did not err in imposing consecutive sentences because A.R.S. § 13-708 requires only that the trial court set forth in the record its reasons for imposing such sentences (*Id.*, p.10).

A timely petition for review was filed January 7, 1987. (Exhibit E). The Arizona Supreme Court, by order dated March 17, 1987, denied the petition for review. (Exhibit F).

Petitioner filed a Petition for Post-Conviction Relief on May 22, 1987, with the Maricopa County Superior Court. (Exhibit G). The court dismissed the petition on August 24, 1987. (Exhibit H). Petitioner filed a motion for re-hearing on September 10, 1987 (Exhibit I, pp. 1-13), which was denied on September 15, 1987 (*Id.*, p. 14).

There is some confusion in the available record at that point. It appears that Petitioner then filed a second motion for a re-hearing on September 21, 1987 (*Id.*, pp. 15-34). The record does not reflect what occurred in relation to that motion. However, the next entry in the record, is a Memorandum Decision and related Order and Mandate from the Court of Appeals reflecting that Petitioner filed a petition for review on September 22, 1987. (Exhibit J, p. 2). In the Memorandum Decision, dated March 1, 1988, the Court of Appeals granted review, but denied relief. (*Id.*). Petitioner subsequently sought review by the Arizona Supreme Court which was denied by order dated September 14, 1988. (*Id.*, p. 1). The following day, September 15, 1988, the Court of Appeals issued its order and mandate

reflecting the denial of relief. (*Id.*).

Petitioner filed a second Petition for Post-Conviction Relief on March 6, 1989. (Exhibit K). Maricopa County Superior Court dismissed the petition. (Exhibit L). Petitioner then filed a motion for rehearing which was denied on December 14, 1989. (Exhibit M). The Arizona Supreme Court denied the petition for review, and the Arizona Court of Appeals issued an order and mandate on May 24, 1991. (Exhibit N).

In January 2004, Petitioner met with the State Parole Board. (Reply to Respondent's Answer to Petition for a Writ of Habeas Corpus, p. 6). Petitioner filed a habeas corpus petition on June 8, 2004, with the Maricopa County Superior Court. (Appendix B).[2] The petition was dismissed on July 8, 2004. (Appendix F). Petitioner filed an amended petition for writ of habeas corpus, which was denied on August 9, 2004. (Appendix G). Petitioner filed a Notice of Appeal on the first petition, but the petition was inappropriately filed because petitioner did not properly identify the case number. (Appendix H & I).

On September 2, 2005, Petitioner filed his original Petition for Writ of Habeas Corpus in this Court. (Docket No. 1). He filed the now pending amended petition on March 1, 2006. (Docket No. 4).

## II.   LEGAL DISCUSSION

### A.   The petition is not timely under the AEDPA.

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The habeas corpus petition must be filed within the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA) which reads in pertinent part as follows:

> I.   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] All referenced appendices are those attached to Petitioner's Reply.

- 3 -

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A), (d)(1)(D).

If a petitioner's conviction became final before AEDPA's effective date of April 24, 1996, then the statute of limitations expires on April 24, 1997. *See Carey v. Saffold*, 536 U.S. 214, 217 (2002); *United States v. Montreal*, 301 F.3d 1127 (9th Cir. 2002). Further, any properly filed application for state post-conviction relief that is pending does not count toward any period of limitation. 28 U.S.C. § 2244(d)(2).

Here, the petitioner's state conviction became final on March 17, 1987. (Exhibit F). The petitioner filed his first state post-conviction relief where the pending period began in May 1987, and ended September 1988. Petitioner's second post-conviction relief began March 1989, and ended May 1991. Collectively, the petitions for post-conviction relief tolled the statute of limitations for three years and six months; however, because both proceedings concluded before AEDPA was effective (April 24, 1996), they have no tolling effect and are not applicable in determining when Petitioner's statute of limitations expired. In this case, Petitioner was required to file his habeas corpus petition by April 24, 1997, a year after the AEDPA's effective date. Petitioner did not file his petition until September 2005, over eight years after the statute of limitations expired. Thus, the petition is untimely, unless Petitioner can establish equitable tolling.

**B.     The petition does not qualify for equitable tolling.**

The one exception to the running of the statute of limitations is equitable tolling under 28 U.S.C. § 2244(d)(1). *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997). In order for equitable tolling to apply, there must be "extraordinary circumstances" beyond the prisoner's control that made it impossible to file a petition on time. *Frye*, 273 F.3d at 1146; *Beeler*, 128 F.3d. at 1288. Equitable tolling may be appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. *Lott v. Mueller*,

1  304 F.3d 918, 922 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). The prisoner must show that the "extraordinary circumstances" were the but-for and proximate cause of his untimeliness. *See Allen v. Lewis*, 255 F.3d 798 (9th Cir. 2001) (finding that a prison transfer one month into the limitations period was not the but-for cause of prisoner's untimely petition); *see also Valverde v. Stinson*, 224 F.3d 129, 134 (2000) (holding that the prisoner is required "to demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing").

The petitioner is required to use due diligence to discover any facts within the case which would give rise to a habeas corpus petition. 28 U.S.C. § 2244(d)(1)(D). A party seeking equitable tolling must have acted with reasonable diligence "throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2nd Cir. 2000); *see also Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("a garden variety claim of excusable neglect" does not support equitable tolling). Furthermore, a *pro se* petitioner's ignorance of the law generally does not excuse prompt filing. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Under these standards, equitable tolling is unavailable in most cases. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002); *Miles*, 187 F.3d at 1107.

Here, Petitioner alleges that he could not have discovered the violation prior to the January 2004 parole hearing. He does not, however, explain what it was that he discovered in January 2004 that he could not, with reasonable diligence, have discovered years before. Additionally, a review of each of the claims in the petition establish that they are claims that preexisted his 2004 parole hearing and are all based on evidence that was available years prior to that time.

In Ground I, Petitioner alleges ineffective assistance of trial counsel. *Petition*, p. 5. He complains that his counsel from the onset believed he was guilty and failed to properly investigate the case and failed to properly question witnesses. There is nothing in these allegations that reflects the discovery of new facts that could not, with due diligence, have been discovered prior to January 2004.

1        In Ground II, Petitioner alleges that his conviction was obtained through the use of
2 a coerced confession. *Id.*, p. 6. Petitioner does not explain the nature of the alleged coercion,
3 but complains that police officers did not memorialize the statement in writing or recording
4 and could not prove Petitioner had made any statement. Petitioner nowhere explains why
5 these events, of which he was clearly aware at least by the time of the close of his trial,
6 amount to newly discovered evidence that somehow could not have been discover by April
7 of 1997 (when the AEDPA limitations period expired), which was more than eleven years
8 after his trial had concluded.

9        In Ground III, Petitioner alleges that his conviction was "obtained by a failure of the
10 State to disclose any evidence favorable to Petitioner." *Id.*, p. 7. His allegations are that the
11 "police reports were contradictory, the witnesses were incorrect, and 'evidence' at the scene
12 was inconclusive and no facts to prove any 'evidence at [the] scene was factually used by
13 petitioner." *Id.* As a threshold matter, it is impossible to evaluate this claim because
14 Petitioner has failed to specifically identify the contradictory, incorrect and inconclusive
15 evidence. Moreover, there is no explanation that would support a finding that extraordinary
16 circumstances rendered Petitioner unable to timely discover these issues and thereby
17 potentially entitle him to tolling.

18        Petitioner's final claim, Ground IV, is that is sentence is in excess of that prescribed
19 by law and amounted to an unconstitutional ex-post facto application of the law. *Id.*, p. 8.
20 This claim is vague, but apparently alleges that the State improperly alleged as aggravating
21 factors at sentencing prior felonies that predated the enactment of A.R.S. § 13-702.02, which
22 provides for the consideration of such prior convictions. This claim also fails because there
23 is no basis offered by Petitioner, and none that is apparent to the Court, to justify tolling. The
24 facts underlying this claim were available immediately following sentencing. Nothing
25 prevented Petitioner from discovering them then and nothing in the record justifies tolling.

26        Each of Petitioner's claims fails because if he had used due diligence, he could have
27 obtained his court records prior to the expiration of limitations set by AEDPA and discovered
28 any potential constitutional violations related to his case. Because Petitioner filed his writ

1 of habeas corpus over eight years after the statute of limitations set by AEDPA, and no
2 extraordinary circumstances exist to qualify Petitioner for equitable tolling, the petition is
3 untimely.

4 **III.    RECOMMENDATION**

5 For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that
6 the District Court, after its independent review, **DISMISS WITH PREJUDICE** Petitioner's
7 Amended Petition for Writ of Habeas Corpus filed March 1, 2005 [Docket No. 1].

8 **IT IS FURTHER RECOMMENDED** that the pending motions in this case [Docket
9 Nos. 13 and 14] be **DENIED AS MOOT**.

10 This Recommendation is not an order that is immediately appealable to the Ninth
11 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
12 Appellate Procedure, should not be filed until entry of the District Court's judgment.

13 However, the parties shall have ten (10) days from the date of service of a copy of this
14 recommendation within which to file specific written objections with the District Court. *See*
15 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.
16 Thereafter, the parties have ten (10) days within which to file a response to the objections.
17 If any objections are filed, this action should be designated case number: **CV 05-2679-PHX-**
18 **PGR**. Failure to timely file objections to any factual or legal determination of the Magistrate
19 Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.
20 *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

21 DATED this 20th day of December, 2006.

22
23
24
25
26                                              _____
                                                Jacqueline Marshall
27                                              United States Magistrate Judge
28