**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allace Lee Roy Cornellier,<br><br>             Petitioner,<br><br>     vs.<br><br>Dora Schriro, et al.,<br><br>             Respondents. | No. CV-05-2679-PHX-PGR (JM)<br><br>ORDER |

On December 20, 2006, Magistrate Judge Marshall entered a Report and Recommendation stating that the petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 should be dismissed as having been untimely filed. The petitioner did not file any objection to the Report and Recommendation. On February 6, 2007, the Court entered both an order (doc. #16) that accepted the Magistrate Judge's Report and Recommendation (doc. #15) and a judgment (doc. #17) that dismissed the petitioner's Amended Petition for Writ of Habeas Corpus. On February 23, 2007, which was more that ten days after entry of the order and judgment of dismissal, the petitioner filed a Petition for Reconsideration (doc. #18) pursuant to Fed.R.Civ.P. 60(b), a Notice

- 1 -

of Appeal (doc. #19), and a Motion/Request for a Certificate of Appealability (doc. #20).

The petitioner states in his Petition for Reconsideration that he did not object to the Report and Recommendation because he never received a copy of it.[1]  Inasmuch as a habeas petitioner has a due process right to receive and object to a Report and Recommendation, when non-receipt of the Report and Recommendation is alleged post-judgment by the petitioner, it is the Court's normal practice to vacate the judgment, have the Clerk's Office re-send the habeas petitioner a copy of the Report and Recommendation, and to grant the habeas petitioner an extension of time in which to file an objection to the Report and Recommendation.  The Court cannot do that at this time in this case because the petitioner's contemporaneous Notice of Appeal has divested the Court of its jurisdiction to rule on the Petition for Reconsideration.  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58,103 S.Ct. 400,402 (1982).  The Court notes, however, that it would grant the petitioner's Petition for Reconsideration if the petitioner were to ask the Ninth Circuit to remand this action to this Court for the purpose of resolving the merits of the Petition for Reconsideration.  *See* Gould v. Mutual Life Ins. Co. of NY, 790 F.2d 769, 772 (9th Cir.), *cert. denied*, 479 U.S. 987 (1986) ("The proper procedure, once an appeal has been taken, is to ask the district court whether it wishes to entertain the [Rule 60(b)] motion, or to grant it, and then move [the Ninth Circuit] court, if appropriate,

/ / /

---

[1] The Court notes that the docket sheet shows that a copy of the Report and Recommendation was mailed to the petitioner on December 26, 2006.  That copy has not been returned to the Court as undeliverable.

- 2 -

1  for remand of the case.").  Therefore,

2      IT IS ORDERED that the petitioner's Motion/Request for a Certificate of

3  Appealability (doc. #20) is granted pursuant to 28 U.S.C. § 2253(c)(2).

4      DATED this 27th day of February, 2007.

```
                    Paul G. Rosenblatt
                    United States District Judge
```

- 3 -