**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allace Lee Roy Cornellier,<br><br>        Petitioner,<br>vs.<br><br>Dora Schriro, et al.,<br><br>        Respondents. | No. CV-05-2679-PHX-PGR (JM)<br><br>ORDER |

Pending before the Court is Magistrate Judge Marshall's Report and Recommendation, wherein she recommends in part that the petitioner's Amended Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed with prejudice as being time-barred. Having reviewed the Report and Recommendation *de novo* in light of the petitioner's Objections to Magistrate Judge's Report and Recommendations (doc. #28), the Court finds that the petitioner's objections should be overruled as being without legal merit and that the Report and Recommendation correctly concluded that the amended petition was filed over eight years after the limitations period of the AEDPA expired.[1]

---

[1] The Court originally accepted and adopted the Report and Recommendation on February 6, 2007, noting that the petitioner had not filed any objection to the Report and Recommendation. The petitioner subsequently filed a motion for reconsideration from the Court's order and an appeal from the

First, the Court rejects the petitioner's argument, raised in his objections, that the AEDPA cannot be constitutionally applied to his amended petition.  There is no retroactivity issue here inasmuch as the AEDPA was in effect at the time the petitioner initially filed his § 2254 petition on September 2, 2005.  *See* Woodford v. Garceau, 538 U.S. 202, 210, 123 S.Ct. 1398, 1403 (2003) (Supreme Court concluded that a case is not pending for purposes of the AEDPA until an application for habeas corpus relief is filed in federal court and that any habeas petition filed after the AEDPA's effective date is subject to the AEDPA.)

Second, the Court agrees with the Magistrate Judge that the petitioner had until April 24, 1997, one year after the AEDPA's effective date, in which to file his § 2254 petition because he has not established that the limitations period should be equitably tolled.  The Court rejects the petitioner's contention that the limitations period should be tolled until the time of his parole hearing in January 2004 because it was not until then that he learned of the bases for his § 2254 petition.  Notwithstanding the petitioner's assertion that he could not have earlier learned of his habeas claims because his numerous earlier attempts to obtain a free copy of his criminal trial records had been repeated rejected, the Court concurs with the Magistrate Judge that all of his claims in his amended petition preexisted his 2004 parole hearing and all are based on evidence that was available to him years prior to that time.  Therefore,

---

Court's judgment on the ground that he had never been served with a copy of the Report and Recommendation. After the Ninth Circuit stayed the appeal to permit the Court to resolve the motion for reconsideration, the Court entered an order on June 7, 2007 that vacated its order and judgment based on the Report and Recommendation and permitted the petitioner to object to the Report and Recommendation, which he did on June 29, 2007. The Ninth Circuit entered an order on August 24, 2007 that dismissed the petitioner's appeal.

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc. #15) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Motion for Leave to Request and Permit Discovery (doc. #13) and the petitioner's Motion for an Evidentiary Hearing (doc. #14) are both denied.

IT IS FURTHER ORDERED that the petitioner's Motion to Show Cause (doc. #31) is denied.

IT IS FURTHER ORDERED that the petitioner's Amended Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (doc. #4) is denied and that this action is dismissed with prejudice as being untimely filed. The Clerk of the Court shall enter judgment accordingly.

DATED this 3rd day of October, 2007.

Paul G. Rosenblatt
United States District Judge